An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-611

Filed 17 September 2025

New Hanover County, Nos. 20CRS057069-640, 20CRS057070-640

STATE OF NORTH CAROLINA

v.

FREDDIE ANTHONY JACKSON

Appeal by defendant from judgment entered 11 August 2023 by Judge G. Frank Jones in New Hanover County Superior Court. Heard in the Court of Appeals 20 May 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Heidi M. Williams, for the State.*

> *Jarvis John Edgerton, IV, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Freddie Anthony Jackson was convicted in 2023 for crimes committed decades earlier, in 1995. Defendant challenges the admission at his trial of certain DNA evidence, contending the evidence was admitted in violation of the Confrontation Clause in the Sixth Amendment to the federal constitution. Upon review, we conclude that Defendant received a fair trial, free from reversible error.

## I.    Background

The State presented evidence at trial that tended to show the following:

In the early morning hours of 2 September 1995, a woman working at a convenient store in Wilmington was raped, sexually assaulted, kidnapped and robbed.

Shortly after the assault, the victim was transported to New Hanover County Medical Center where a sexual assault kit was completed on her by a nurse. Years later, our State Crime Lab contracted with a private company lab to analyze the woman's untested vaginal swabs contained in the sexual assault kit. The Wilmington Police Department received a lab report from the private lab showing vaginal swabs taken from the woman matched Defendant's DNA. On 23 May 2022, a New Hanover County Grand Jury indicted Defendant.

On 7 August 2023, this case was tried in New Hanover County Superior Court. Defendant was found guilty of two counts of first-degree rape, two counts of first-degree sex offense, once count of first-degree kidnapping, and one count of robbery with a dangerous weapon. Defendant appeals.

## II.    Analysis

On appeal, Defendant argues the trial court erred by admitting the testimony of a third-party DNA analyst from the private lab and the accompanying lab report in violation of the right to confrontation guaranteed by the Sixth Amendment of the

United States Constitution (the "Confrontation Clause"). Defendant notes that the testifying analyst based her testimony on lab work performed by other analysts.

We agree, however, with the State that Defendant did not properly preserve his argument to the analyst's testimony *on constitutional grounds*. *See State v. Lloyd*, 354 N.C. 76, 86-87 (2001) ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal."). Specifically, after conducting a voir dire examination of the analyst, Defendant's counsel clarified the objection was not based on the Confrontation Clause but rather on a belief the analyst was relying on data which was not of the type reasonably relied upon by others in her field:

> I think the issue here is we don't know if this is the data that experts in this field reasonably rely upon. And the reason we don't know that is she's not proficient or up-to-date in the methodologies that gather this data. I think it's different than the other substitute analyst cases that we have on record because those attach the surrogate testimony. I don't think this is surrogate testimony. I think that we cannot be assured under [Rule of Evidence] 702 and the confrontation clause that the facts she relied upon in reaching her opinion are those that are reasonably relied upon in the field of forensics.

The trial court based its ruling on Defendant's objection on Rule 702, concluding in overruling Defendant's objection, that "[i]n the exercise of discretion, I do respectfully find that the information prepared by third parties is of the type reasonably relied upon by experts in the field."

Defendant, though, asks that we review for plain error. To meet the burden of showing plain error, Defendant must show that (1) a fundamental error occurred at

trial; (2) that the jury probably would have returned a different verdict, but for the error; and (3) the error is an "exceptional case" that warrants plain error review. *See State v. Reber*, 386 N.C. 153, 158 (2024).

We conclude the trial court did not commit plain error based on the other evidence of Defendant's guilt before the jury. That is, assuming a fundamental error occurred when the trial court allowed the analyst to testify, Defendant has failed to show that the jury probably would have rendered a different verdict had they not heard that testimony. For instance, the jury heard from *another* DNA analyst (from the State Crime Lab) who testified and produced a report showing that DNA from a vaginal swab of the victim matched Defendant's DNA. Defendant did not properly object to this testimony. *See State v. Ray*, 364 N.C. 272, 275 (2010) (holding that generally a party must object when the evidence is actually introduced at the trial). Further, the jury heard evidence that Defendant's palm print was found on a cigarette pack retrieved from behind the counter at the convenient store immediately following the assault. Also, the jury heard evidence that Defendant had committed similar assaults at convenient stores in Wilmington around the same time period.

Accordingly, because Defendant has failed to show prejudice, we conclude Defendant received a fair trial, free of reversible error.

NO ERROR.

Judges ARROWOOD and HAMPSON concur.

Report per Rule 30(e).